IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GILBERT RODRIGUEZ VEGA,
    Plaintiff,

vs.                                         Case No.: 5:09cv270/SPM/EMT

WALTER McNEIL, et al.,
    Defendants.
_____/

# **O R D E R**

        Plaintiff is an inmate who proceeds pro se and in forma pauperis (*see* Doc. 7). Now before the court is Plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 27). Upon review of the second amended complaint, the court concludes that the facts as presented fail to support a viable claim for relief under § 1983 as to some or all of the named Defendants. The court will therefore allow Plaintiff **one final** opportunity to clarify his allegations in a third amended complaint.

        As an initial matter, the court notes that Plaintiff has again failed to comply fully with instructions in the complaint form. As outlined below, Plaintiff appears to assert primarily the violation of the Eighth Amendment in connection with his transport to a hospital for treatment of an abdominal condition. In addition, citing almost no facts in support, and nothing to suggest the events are in any way related, Plaintiff further complains that, in violation of the Fourteenth Amendment, he was subjected to a retaliation in the form of transfer to another institution and the destruction of his personal property. As the complaint form instructions direct, and this court has previously informed Plaintiff, facts that are not related to the same basic incident or issue must be addressed in a <u>separate</u> action. Therefore, in amending, Plaintiff should limit his allegations and

claims accordingly, i.e., assert only facts and claims that are related to either the alleged Eighth Amendment violation or the Fourteenth Amendment violation, but—unless the two claims are in fact related—not both.

Plaintiff names three Defendants in his second amended complaint: Apalachee Correctional Institution ("ACI") officer Capt. O'Brien and two "unknown transport officers" (*see* Doc. 27 at 1–2). Plaintiff makes the following allegations with respect to his Eighth Amendment claim. In September 2008 Plaintiff declared a medical emergency due to severe abdominal pain. When it was determined that he should be taken to a hospital for assessment, Plaintiff was placed in shackles in preparation. He was required to wait for "inordinate period of time due to a gate malfunction" that prevented the ambulance from entering ACI (*id.* at 6). Because the ambulance could not enter the grounds, Defendant O'Brien directed the other Defendants to use a prison van to take Plaintiff to the hospital, a van which Plaintiff describes as not being equipped for transporting sick or injured prisoners. By the time the van arrived to pick up Plaintiff his condition had worsened, and he was unable to stand and to walk to the vehicle. Defendant O'Brien then directed the other two officers to "grab" him and carry him to the van, which they did, throwing him inside (*id.*). As a result of his rough treatment by the officers, Plaintiff asserts, his intestines ruptured and he required two emergency surgeries as well as a blood transfusion (*id.*). As relief for the alleged violation of his rights, Plaintiff seeks punitive and compensatory damages of an unspecified amount.

As the court previously informed Plaintiff, it is well settled that the government has a constitutional duty to provide minimally adequate medical care to prisoners. Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991). Medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 1505 (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Incidents of mere negligence or malpractice do not rise to the level of constitutional violations. *Id.* (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

Stating an Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'"

*Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (internal quotation omitted)). Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment. *Id.* (citations omitted).

Both the objective and subjective components encompass two subsidiary requirements. Taylor, 221 F.3d at 1258. As to the objective prong, an objectively serious deprivation requires showing an objectively "serious medical need." Estelle, 429 U.S. at 104. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); *see* Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm."). In addition, an objectively serious deprivation requires showing the response made by the defendant to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105–06 (internal quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543–44 (11th Cir. 1995).

To show the required subjective intent to punish, the plaintiff must demonstrate that the defendant acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245–46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) and Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. Harris, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030,

1035 (11th Cir. 1989)). To do otherwise would be "to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).

A delay in providing medical treatment can constitute deliberate indifference. Estelle, 429 U.S. at 104–05. However, "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." Townsend v. Jefferson County, 582 F.3d 1252, 1259 (11th Cir. 2009).

As to Plaintiff's allegation against Defendant O'Brien—that he instructed Plaintiff be placed in a van for transport to a hospital because an ambulance was unable to enter the ACI grounds due to a gate malfunction—Plaintiff has not alleged conduct which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'" Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). Nor do the facts alleged by Plaintiff suggest that Defendant O'Brien possessed a subjective intent to punish Plaintiff through this conduct. Id. (citations omitted). Rather, even if there was a delay in transporting Plaintiff to a hospital or a van was used that was not equipped to transport prisoner/patients, under the exigent circumstances described by Plaintiff at most Defendant O'Brien's conduct can be described as negligent. As outlined above, negligence does not rise to the level of a constitutional tort actionable pursuant to § 1983; instead, the proper forum for such a claim is state court. Thus, as presented, the allegations against Defendant O'Brien are wholly insufficient; without more, Plaintiff should delete this individual as a Defendant in this action.[1]

With respect to Plaintiff's allegations against the two "transport officers," which the court treats as a claim of deliberate indifference to a serious medical need,[2] the court again advises Plaintiff that he must allege with particularity facts that indicate that the Defendant at issue had subjective knowledge of a risk of serious harm to Plaintiff, i.e., had knowledge of the risk posed by

---

[1] To the extent Plaintiff seeks to assert supervisory liability against Defendant O'Brien, as explained in the court's November 4, 2010, order (Doc. 20), Defendant O'Brien is not liable under section 1983 for the unconstitutional acts of his subordinates on the basis of respondeat superior or vicarious liability. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted).

[2] Plaintiff does not assert, nor do his allegations suggest, that excessive force was used against him.

Plaintiff's serious intestinal condition but disregarded that risk when placing Plaintiff in the van. Farrow, 320 F.3d at 1245–46. Furthermore, the conduct at issue must have been more than merely negligent in nature. *Id.*. Absent such allegations, an Eighth Amendment medical claim cannot be established. Here, Plaintiff has failed to allege conduct by the two "transport officers" that rises to the level of a constitutional violation, as he fails to assert either the requisite knowledge or describe conduct that was more than merely negligent.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "**Third Amended Complaint**." Plaintiff should determine which incident or issue he desires to litigate in this action, and present only those claims which: (1) arise out of the same transaction or occurrence and (2) share a common question of law or fact. Plaintiff must then limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature and keep an identical copy for himself. He should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, Plaintiff should not submit service copies of his complaint until and unless the court instructs him to do so. Similarly, no discovery shall be conducted, except by the court's express instruction.

Accordingly, it is **ORDERED**:

Case No.: 5:09cv270/SPM/EMT

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. This case number should be written on the form.

2. Plaintiff shall have **THIRTY (30) DAYS** in which to file an amended civil rights complaint, which shall be typed or clearly written, submitted on court form, and marked "Third Amended Complaint."

3. Failure to submit an amended complaint that complies with the instructions in this order will result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 22nd day of March 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**