IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GILBERT RODRIGUEZ VEGA,
    Plaintiff,

vs.                                    Case No.: 5:09cv270/RS/EMT

WALTER McNEIL, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause filed pursuant to 42 U.S.C. § 1983 is presently before the court on Plaintiff's third amended complaint (doc. 32). Leave to proceed in forma pauperis has been granted (doc. 7).

    Since Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" fails to state a claim on which relief may be granted. 28 U.S.C.A. § 1915(e)(2)(B)(ii). Because the language of § 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must, however, allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 569 n.14, 127 S. Ct. 1955, 1964–65, 1973 n.14, 167 L. Ed. 2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 45–46, 78, S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Upon review of Plaintiff's third

amended complaint, the court concludes that dismissal for failure to state a claim for relief is warranted.

Plaintiff was incarcerated at Apalachee Correctional Institution ("ACI") when the events at issue in this action transpired. He names three Defendants in the third amended complaint: ACI correctional officer Capt. O'Brian ("O'Brian") and two "unknown transport officers" (*see* doc. 32 at 1–2). Plaintiff alleges that on September 11, 2008, he declared a medical emergency, after having complained of severe abdominal pain for several days (*id.* at 5). Medical personnel determined that Plaintiff should be taken to a hospital for assessment, and he was placed in shackles in preparation. O'Brian arranged for an ordinary prison transport van, one that was not medically equipped, to move Plaintiff to the hospital (*id.*). Apparently, due to the malfunctioning of the facility's main entry gate, O'Brian ordered the van in lieu of obtaining an ambulance (*id.*). According to Plaintiff, he was required to wait as long as ninety minutes for transport (*id.*). By the time the van arrived, Plaintiff's condition had worsened, rendering him unable to walk. O'Brian directed the two transport officers, whom Plaintiff describes as being "very agitated," to load Plaintiff into the van by taking hold of either side of him by his shackles and "throwing" him into the vehicle's "side pocket" (*id.* at 6). Plaintiff describes the transport officers' actions as being committed intentionally, with "reckless disregard, malice" in order that Plaintiff would "suffer additional injury to his already diminished physical condition" (*id.*). According to Plaintiff, his rough treatment resulted in the rupture of his intestines (*id.*). Upon arrival at the hospital, Plaintiff again had to wait because medical personnel at the facility needed to tend to several gunshot victims first (*id.*). When he did receive treatment, Plaintiff required two emergency surgeries as well as a blood transfusion (*id.*). When Plaintiff returned to ACI after his hospitalization, one of the transport officers involved in the incident approached Plaintiff and informed him that he "did what he did because he did not want the plaintiff to die at the institution" (*id.* at 7). Plaintiff contends that the Defendants violated his rights under the Eighth Amendment by intentionally injuring him and also by failing to use reasonable care (*id.* at 8). As relief, Plaintiff seeks compensatory and punitive damages of unspecified amounts.

The court views Plaintiff's allegations as asserting a claim of deliberate indifference to a serious medical need. It is well settled that the government has a constitutional duty to provide minimally adequate medical care to prisoners. Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir.

1991). Medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 1505 (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Incidents of mere negligence or malpractice do not rise to the level of constitutional violations. *Id.* (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

Stating an Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'" *Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (internal quotation omitted)). Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment. *Id.* (citations omitted).

Both the objective and subjective components encompass two subsidiary requirements. Taylor, 221 F.3d at 1258. As to the objective prong, an objectively serious deprivation requires showing an objectively "serious medical need." Estelle, 429 U.S. at 104. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); *see* Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm."). In addition, an objectively serious deprivation requires showing the response made by the defendant to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105–06 (internal quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543–44 (11th Cir. 1995).

To show the required subjective intent to punish, the plaintiff must demonstrate that the defendant acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235,

1245–46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) and Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. Harris, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)). To do otherwise would be "to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted). A delay in providing medical treatment can constitute deliberate indifference. Estelle, 429 U.S. at 104–05. However, "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." Townsend v. Jefferson County, 582 F.3d 1252, 1259 (11th Cir. 2009).

Plaintiff's allegations regarding his medical emergency are sufficient to identify a serious medical need. Plaintiff's allegations are not, however, sufficient to show that any Defendant acted with deliberate indifference with respect to that serious medical need. First, as to O'Brian, the facts alleged by Plaintiff do not suggest that this Defendant possessed a subjective intent to punish Plaintiff.[1] It is not alleged that O'Brian denied Plaintiff needed medical attention, nor does the complaint reflect that O'Brian unconstitutionally delayed it. Although there may have been a delay in transporting Plaintiff to the hospital, the van may not have been equipped to transport prisoner/patients, and O'Brian may have ordered the other officers to load, or "throw," Plaintiff into the van quickly, Plaintiff does not allege that O'Brian had subjective knowledge of a risk of serious harm to him, i.e., had knowledge of the risk posed by Plaintiff's serious intestinal condition but

---

[1] Without any elaboration whatsoever, Plaintiff states that at the time the incident occurred he was "actively pursuing the grievance procedure" against O'Brian for a claim of racial discrimination (doc. 32 at 5). This unadorned allegation does nothing to show that O'Brian acted with deliberate indifference toward Plaintiff on September 11, 2008.

disregarded that risk when supervising Plaintiff's transport to the hospital. Farrow, 320 F.3d at 1245–46. Rather, O'Brian's conduct under the exigent circumstances described by Plaintiff at most was negligent. As outlined above, negligence does not rise to the level of a constitutional tort actionable pursuant to § 1983; instead, the proper forum for such a claim is state court. Moreover, to the extent Plaintiff seeks to assert supervisory liability against O'Brian with respect to the two transport officers, this Defendant is not liable under § 1983 for the unconstitutional acts of his subordinates on the basis of respondeat superior or vicarious liability. *See* Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted).

With respect to Plaintiff's allegations against the two transport officers and the manner in which they placed Plaintiff in the transport van, the court likewise concludes that Plaintiff has failed to state a claim for relief. Plaintiff does not allege that either of these unidentified Defendants had subjective knowledge of a risk of serious harm to him; he does not allege that either had knowledge of the risk posed by Plaintiff's medical condition but disregarded that risk when placing Plaintiff in the van. Farrow, 320 F.3d at 1245–46. Furthermore, the conduct at issue was not more than merely negligent in nature. *Id.*. Absent such allegations, an Eighth Amendment medical claim cannot be established.

To the extent Plaintiff's allegations can be read as asserting a claim of the use of excessive force, such a claim also fails. Claims of excessive force by prison officials fall under the Eighth Amendment's proscription against cruel and unusual punishment. Whether the use of force violates an inmate's constitutional rights "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Whitley v. Albers, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 1085, 89 L. Ed. 2d 251 (1986) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973)) (establishing the standard for an Eighth Amendment excessive force claim); *see* Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (applying the Whitley test in a Fourteenth Amendment excessive force case). If force is used "maliciously and sadistically for the very purpose of causing harm," then it necessarily shocks the conscience. *See* Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir. 1987) (stating that the Eighth and Fourteenth Amendments give equivalent protections against excessive force). If not, then it does not. In the instant case, Plaintiff's factual allegations concerning the Defendants' conduct do not

suggest that Defendants acted in an effort to restore order or to discipline Plaintiff.  To the contrary, the allegations indicate that Defendants acted as part of an effort to provide Plaintiff with medical attention.  In any event, other than Plaintiff's "labeling" their conduct as malicious, *see* Twombly, 550 U.S. at 555, nothing in Plaintiff's allegations indicates that any Defendant acted maliciously or sadistically with the very purpose of harming Plaintiff.  Plaintiff therefore has failed to state a claim of the use of excessive force.

Based on the foregoing, the court concludes that Plaintiff's complaint fails to state an actionable claim of a violation of 42 U.S.C. § 1983.  Dismissal is therefore appropriate.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 23rd day of August 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).